1  Mike Arias, Esq. (CSB #115385)
2  Mark A. Ozzello, Esq. (CSB #116595)
   Mark J. Bloom, Esq. (CSB #223783)
   ARIAS OZZELLO & GIGNAC LLP
3  6701 Center Drive West, Suite 1400
   Los Angeles, California 90045-1558
4  Tel: (310) 670-1600
   Fax: (310) 670-1231
5  marias@aogllp.com

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 | JOHN BROSNAN,                          | Case No. C08-00694 (JCS)

12 |         Plaintiff,                      | [Hon. Joseph C. Spero
                                              Courtroom "A"]
13 |     vs.

14 | TRADELINE SOLUTIONS INC.;             | **DEFENDANTS' NOTICE OF**
     TRADELINESOLUTIONS.COM.;               **MOTION AND MOTION TO**
15 | TED STEARNS; APRIL RICHARDS;          **DISMISS PLAINTIFF'S**
     RANDOLPH HIRSCH; STEVE                 **COMPLAINT PURSUANT TO**
16 | DEJESUS;                               **F.R.C.P. 12 (b)(1); 12(b)(6) AND**
     SEASONEDTRADES.COM;                    **9(b); MEMORANDUM OF**
17 | TAYLORSTREETCREDIT.COM; and           **POINTS AND AUTHORITIES**
     DOES 1-99,
18 |                                        Date:  March 28, 2008
             Defendants.                    Time:  9:30 a.m.
19 |                                        Ctrm.: A
20
21 |                                        Complaint Filed: January 30, 2008
                                            Trial Date:      None
22

23        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on March 28, 2008 at 9:30 a.m., in

25 Courtroom "A" of the above-entitled Court, located at 450 Golden Gate

26 Avenue, San Francisco, California, 94102, defendants Quantum Holdings,

27 d.b.a., Tradeline Solutions, Ted Stearns and April Richards a.k.a. Tamera

28 Turkisher (collectively, "Defendants") will move the Court for an order

---

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)**

1   pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and Rule 9(b)

2   dismissing with prejudice, Plaintiff's Complaint (the "Complaint") on grounds

3   that each of the claims for relief fails to state a claim upon which relief can be

4   granted.

5        This Motion is based on this Notice of Motion, the accompanying

6   Memorandum of Points and Authorities, all pleadings, papers and records on

7   file herein, any matter of which the Court may take judicial notice, and such

8   oral argument as may be presented at the hearing on this Motion.

9

10  Dated:  February 19, 2008                    ARIAS OZZELLO & GIGNAC LLP

11

12                                       By: _____

13                                          MIKE ARIAS
                                            MARK A. OZZELLO
14                                          MARK J. BLOOM
                                            *Attorneys for Defendants*
15                                          Quantum Holdings, d.b.a., Tradeline
                                            Solutions, Ted Stearns and April
16                                          Richards a.k.a. Tamera Turkisher

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.................................... 1

I.    INTRODUCTION................................................................................ 1

II.   RELEVANT FACTS............................................................................ 1

III.  ARGUMENT ...................................................................................... 2

    A.   A MOTION TO DISMISS PLAINTIFF'S COMPLAINT
        PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
        12 (b)(1); 12 (b)(6); 12 (e) AND 9(b) IS APPROPRIATE
        BECAUSE DEFECTS APPEAR ON THE FACE OF THE
        COMPLAINT ................................................................................ 2

    B.   THE ENTIRE COMPLAINT IS UNINTELLIGIBLE, LACKS
        SUFFICIENT FACTS TO ALLEGE CAUSES OF ACTIONS
        UNDER RULE 12 (b)(6) AND SUCH THAT "DEFENDANTS"
        CANNOT BE EXPECTED TO FRAME A PROPER
        RESPONSE UNDER RULE 12 (e)..................................................... 4

    C.   THE ENTIRE COMPLAINT IS BARRED AS TO
        TRADELINE SOLUTIONS, TED STEARNS, AND APRIL
        RICHARDS BECAUSE IT IS BASED ON A MISPLACED
        AGENCY ARGUMENT................................................................. 5

    D.   PLAINTIFF'S COMPLAINT IS FACIALLY DEFECTIVE AS
        THE PLEADINGS FAIL TO PROPERLY ALLEGE
        ORIGINAL JURISDICTION............................................................ 5

    E.   PLAINTIFF'S THIRD CAUSE OF ACTION FOR RELIEF
        UNDER SECTION 17200 SHOULD BE DISMISSED
        BECAUSE PLAINTIFF LACKS STANDING TO ASSERT
        ALL CLAIMS UNDER F.R.C.P. 12 (b)(6) AND
        PROPOSITION 64......................................................................... 10

    F.   THE COURT SHOULD DISMISS PLAINTIFF'S FIRST

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)**

ARIAS OZZELLO & GIGNAC LLP

CLAIM FOR FRAUD BECAUSE IT WAS NOT PLED WITH
PARTICULARITY ........................................................................ 11

G.    THE COURT SHOULD DISMISS PLAINTIFF'S SECOND
CLAIM FOR CONSPIRACY TO COMMIT FRAUD
BECAUSE IT IS NOT A SEPARATE CAUSE OF ACTION
AND WAS NOT PLED WITH PARTICULARITY ........................ 13

H.    PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200
SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT
ALLEGED CLAIMS AGAINST THE DEFENDANTS FOR
UNFAIR COMPETITION ............................................................. 16

I.    PLAINTIFF'S FOUTH CLAIM FOR FALSE AND
DECEPTIVE ADVERTISING SHOULD BE DISMISSED
BECAUSE IT DOES APPPLY TO THE ALLEGATION IN
THE COMPLAINT AND IT WAS NOT PLED WITH
PARTICULARITY ........................................................................ 17

IV.  CONCLUSION .................................................................................... 18

ARIAS OZZELLO & GIGNAC LLP

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

# TABLE OF AUTHORITIES

CASES

*Acridge v. Evangelical Lutheran Good Samaritan Soc.*
 (5th Cir. 2003) 334 F3d 444, 448 ............................................................. 8

*Altimore v. Mt. Mercy College* (8th Cir. 2005) 420 F3d 763, 768-769 ............. 8

*Anthony v. Security Pac. Fin'l Services, Inc.*
 (7th Cir. 1996) 75 F3d 311, 315 .............................................................. 8

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
 (1994) 7 C4th 503, 521, fn. 10 ............................................................... 14

*Balisteri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d 696, 699 ......... 3, 4, 5

*Bell v. Hood* (1946) 327 US 678, 682-683 ...................................................... 6

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*
 (2005) 131 CA4th 802, 823 ................................................................... 14

*Camp v. Hagmaier*, 956 F.Supp. 1541, 1551 (C.D. Cal. 1997) ..................... 12

*Cellars v. Pacific Coast Packaging, Inc.*
 (ND CA 1999) 189 FRD 575, 578 ...................................................... 3, 4

*Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*
 (7th Cir. 1998) 149 F3d 679, 685 ........................................................... 3

*Cort v. St. Paul Fire and Marine Ins. Co.* 311 F.3d at 987 ............................. 16

*Coury v. Prot* (5th Cir. 1996) 85 F3d 244, 249-250 ....................................... 8

*Famolare, Inc. v. Edison Bros. Stores, Inc.*
 (ED CA 1981) 525 F.Supp. 940, 949 ................................................. 3, 4

*Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F3d 1150, 1155 ................... 9

*Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F3d 295, 297 ..... 3, 4, 5

*Gully v. First Nat'l Bank* (1936) 299 US 109, 112 ........................................... 6

*H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*
 (5th Cir. 2000) 227 F3d 326, 329 ............................................................ 8

///

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

ARIAS OZZELLO & GIGNAC LLP

*Holly Sugar Corp. v. Goshen County Co-op. Beet Growers Ass'n*
        (10th Cir. 1984) 725 F2d 564, 567-568 ............................................2, 10

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*
        (2002) 535 US 826, 830..............................................................................6

*Hunt v. Washington State Apple Advertising Comm'n*
        (1977) 432 US 333, 347-348 .................................................................8

*Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F2d 1088, 1092.......7, 8

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) ..10

*Lazar v. Sup.Ct.(Rykoff-Sexton, Inc.)* (1996) 12 C4th 631, 645.......................11

*Manor Invest. Co., Inc. v. F.W. Woolworth* (1984) 159 CA3d 586, 595..........14

*McNutt v. General Motors Accept. Corp. of Indiana*
        (1936) 298 US 178, 179...........................................................................3, 7

*Meisel v. Allstate Indem. Co.* (ED CA 2005) 357 F.Supp.2d 1222, 1225 ..........8

*Miller v European American Bank* (SD NY 1996) 921 F.Supp. 1162, 1167 .....8

*Morrison v. Amway Corp.* (11th Cir. 2003) 323 F3d 920, 924, fn. 5 .................3

*Musson Theatrical, Inc. v. Federal Express Corp.*
        (6th Cir. 1996) 89 F3d 1244 ...................................................................6

*Okun v. Sup.Ct. (Maple Properties)* (1981) 29 C3d 442, 454.........................14

*Packard v. Provident Nat'l Bank* (3rd Cir. 1993) 994 F2d 1039, 1048 .............8

*Peckman v. Thompson* (7th Cir. 1992) 966 F2d 295, 297 .................................3

*Phillips Petroleum Co. v. Texaco, Inc.* (1974) 415 US 125, 127 ......................6

*Quelimane Co., Inc. v. Stewart Title Guar. Co.* (1998) 19 C4th 26, 47 ...........14

*Riling v. Burlington Northern R.R. Co.* (9th Cir. 1990) 909 F2d 399, 401 ........3

*Sacks v. Office of Foreign Assets Control*
        (9th Cir. 2006) 466 F3d 764, 771 ......................................................2, 10

*Sheehan v. Gustafson* (8th Cir. 1992) 967 F2d 1214, 1215 ..............................7

*St. Paul Reinsurance Co., Ltd. v. Greeburg*
        (5th Cir. 1998) 134 F3d 1250, 1253-1254 ..............................................8

ARIAS OZZELLO & GIGNAC LLP

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

*State of Missouri ex rel. Pemiscot County, Mo. v. Western Sur. Co.*
    (8th Cir. 1995) 51 F3d 170, 173 ...............................................................8
*Taylor v. Anderson* (1914) 234 US 74, 75-76.......................................................6
*United States ex rel. Doe v. Dow Chem. Co.*
    (5th Cir. 2003) 343 F3d 325, 330 ........................................................4
*Vess v. Ciba-Geigy Corp. USA*, (9th Cir. 2003), 317 F.3d 1097, 1103 ........4, 11
*Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F3d 1136, 1139 ....3
*Watson v. Blankinship* (10th Cir. 1994) 20 F3d 383, 386-387...........................8
*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 CA3d 1324, 1332.....11
*Williamson v. Tucker* (5th Cir. 1981) 645 F2d 494, 412.....................................3

**STATUTES**
CAL. BUS. & PROF. CODE § 17204 ......................................................................10
CALIFORNIA CIVIL CODE Section 2298..................................................................5
CALIFORNIA CIVIL CODE Section 2299..................................................................5
CALIFORNIA CIVIL CODE Section 2300..................................................................5
Section 17203.......................................................................................................10
Section 382 of the CODE OF CIVIL PROCEDURE ..................................................10
UNITED STATES CODE Section 1331.............................................................1, 5, 6, 7
UNITED STATES CODE Section 1332.............................................................1, 5, 7, 9

**RULES**
CIVIL LOCAL RULES 3-15 (a) ................................................................................6
Federal Rules of Civil Procedure Rule 12 (b)(1) .....................................1, 2, 3, 5
FEDERAL RULES OF CIVIL PROCEDURE Rule 12 (g) .............................................2
Federal Rules of Civil Procedure Rule 8(a).........................................................3
FEDERAL RULES OF CIVIL PROCEDURE Rule 9 (b) ....................................passim
Rule 12 (b)(1).......................................................................................................3
Rule 12 (b)(6).......................................................................................................4

ARIAS OZZELLO & GIGNAC LLP

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

ARIAS OZZELLO & GIGNAC LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff alleges four purported claims for relief against Defendants for: (1) fraud; (2) conspiracy to commit fraud; (3) "unfair business practices" (in violation of CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.); and, (4) false and deceptive advertising.

Plaintiff has failed to sufficiently plead how this Court has original jurisdiction to hear this case under UNITED STATES CODE Section 1331 or Section 1332, and has not abided by CIVIL LOCAL RULES 3-15 (a) regarding jurisdictional requirements.  Furthermore, Plaintiff has not pled that he has suffered an injury and thus, he does not have standing to bring any of the purported causes of action. In fact, Plaintiff has no connection to Defendants whatsoever as he never in fact purchased a service from Defendants, nor does he so allege in the Complaint.

Plaintiff alleges causes of action sounding in fraud, which are required to be pled with specificity.  Plaintiff's claims for fraud should be dismissed because they have failed to allege the elements of fraud with particularity, as required by FEDERAL RULES OF CIVIL PROCEDURE Rule 9 (b).  Accordingly, this Complaint should be dismissed with prejudice, or alternatively with leave to amend, the purported first through fourth purported claims for relief.

## II.

## RELEVANT FACTS

Quantum Holdings, Incorporated, is a corporation duly licensed under the State of California, doing business as, TradeLine Solutions.  TradeLine Solutions operates a business that sells consumers seasoned tradeline(s).  A seasoned tradeline is an aged assumable note that has a payment history. TradeLine Solutions operated a website, www.tradelinesolutions.com, that

1   marketed its services.

2       Tradeline Solutions' Chief Executive Officer, Ted Stearns, managed its

3   operations and business.  Tamera Turkisher, a.k.a., April Richards served as an

4   independent sales representative that assisted potential customers in

5   determining which TradeLine Solutions products would be best suited for the

6   individual customers needs.  Plaintiff John Bronson has never purchased a

7   seasoned tradeline(s) from Defendants' TradeLine Solutions, Ted Stearns,

8   and/or April Richards.

9   **III.**

10  **ARGUMENT**

11  **A.**    **A MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT**

12      **TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(1); 12 (b)(6);**

13      **12 (e) AND 9(b) IS APPROPRIATE BECAUSE DEFECTS APPEAR**

14      **ON THE FACE OF THE COMPLAINT**

15      A motion to dismiss for failure to state a claim under Rule 12 (b)(6) lies

16  where the complaint reveals on its face that plaintiff lacks standing. (*Sacks v.*

17  *Office of Foreign Assets Control* (9th Cir. 2006) 466 F3d 764, 771; *Holly Sugar*

18  *Corp. v. Goshen County Co-op. Beet Growers Ass'n* (10th Cir. 1984) 725 F2d 564,

19  567-568.) A complaint can be attacked at any time on the ground that it fails to

20  state a claim for relief.  FEDERAL RULES OF CIVIL PROCEDURE Rule 12 (g).

21      "If a pleading to which a responsive pleading is permitted is so vague or

22  ambiguous that a party cannot reasonably be required to frame a responsive

23  pleading, the party may move for a more definite statement before interposing a

24  responsive pleading." FEDERAL RULES OF CIVIL PROCEDURE Rule 12 (e).   A

25  Rule 12 (e) motion is proper where the complaint is so indefinite that the

26  defendant cannot ascertain the nature of the claim being asserted.  In such

27  cases, defendant cannot reasonably be expected to frame a proper response.

28  (*See,  Famolare, Inc. v. Edison Bros. Stores, Inc.* (ED CA 1981) 525 F.Supp.

ARIAS OZZELLO & GIGNAC LLP

1  940, 949; *Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 FRD

2  575, 578.)

3      A Rule 12 (b)(1) motion to dismiss for lack of subject matter jurisdiction

4  may be made on the basis that the complaint fails to allege ground for federal

5  subject matter jurisdiction as required by Rule 8(a): I.e., lack of federal jurisdiction

6  appears from the "face of the complaint." (*Warren v. Fox Family Worldwide, Inc.*

7  (9th Cir. 2003) 328 F3d 1136, 1139; *Morrison v. Amway Corp.* (11th Cir. 2003)

8  323 F3d 920, 924, fn. 5.) "The presumption of correctness that we accord to a

9  complaint's allegations falls away on the jurisdictional issue once a defendant

10  proffers evidence that calls the court's jurisdiction into question." (*Commodity*

11  *Trend Service, Inc. v. Commodity Futures Trading Comm'n* (7th Cir. 1998) 149

12  F3d 679, 685; *Williamson v. Tucker* (5th Cir. 1981) 645 F2d 494, 412; see,

13  *Morrison v. Amway Corp.* (11th Cir. 2003) 323 F3d 920, 925.)   Failure to state a

14  federal claim is generally not a jurisdictional defect.  However, a court may treat

15  Rule 12 (b)(1) motion as if it were a motion to dismiss under 12 (b)(6). (See,

16  *Peckman v. Thompson* (7th Cir. 1992) 966 F2d 295, 297.)

17      A complaint that fails to allege both (1) diversity of citizenship and (2) the

18  proper amount in controversy is subject to a Rule 12 (b)(1) "facial attack."  (*Riling*

19  *v. Burlington Northern R.R. Co.* (9th Cir. 1990) 909 F2d 399, 401.)  Plaintiff as the

20  party invoking federal diversity jurisdiction bears the burden of proving the

21  requisite complete diversity. Even if defendant has not challenged plaintiff's

22  allegations of diversity of citizenship, "the court may still insist that the

23  jurisdictional facts be established....by a preponderance of the evidence." (*McNutt*

24  *v. General Motors Accept. Corp. of Indiana* (1936) 298 US 178, 179.)

25      A Rule 12 (b)(6) dismissal is proper where there is either a "lack of

26  cognizable legal theory" or "the absence of sufficient facts alleged under a

27  cognizable legal theory. (*Balisteri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d

28  696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F3d 295, 297.)

ARIAS OZZELLO & GIGNAC LLP

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)**

A plaintiff's failure to meet FEDERAL RULES OF CIVIL PROCEDURE Rule 9 (b)'s heightened pleading requirements for fraud or mistake may provide basis for Rule 12 (b)(6) motion to dismiss. (*Vess v. Ciba-Geigy Corp. USA*, (9th Cir. 2003), 317 F.3d 1097, 1103; *United States ex rel. Doe v. Dow Chem. Co.* (5th Cir. 2003) 343 F3d 325, 330.) Although, a court may grant leave to amend, dismissal with prejudice is proper where the defect is not curable by amendment. (*Id.*)

**B.** **THE ENTIRE COMPLAINT IS UNINTELLIGIBLE, LACKS SUFFICIENT FACTS TO ALLEGE CAUSES OF ACTIONS UNDER RULE 12 (b)(6) AND SUCH THAT "DEFENDANTS" CANNOT BE EXPECTED TO FRAME A PROPER RESPONSE UNDER RULE 12 (e)**

Plaintiff's Complaint fails on, among other grounds, the ground of lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balisteri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F3d 295, 297.) Additionally, under FEDERAL RULES OF CIVIL PROCEDURE 12 (e), Defendants cannot reasonably be expected to frame a proper response. (*See, Famolare, Inc. v. Edison Bros. Stores, Inc.* (ED CA 1981) 525 F.Supp. 940, 949; *Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 FRD 575, 578.)

Here, Plaintiff generically refers to "Defendants" throughout the Complaint, which makes it confusing for the Defendants to understand exactly what it is supposed to respond to, who is supposed to respond to what, and whether TradeLine Solutions, TradeLine Solutions.com, Ted Stearns, and April Richards should be required to respond to at all.

Accordingly, Defendants request to Dismiss the entire Complaint on the ground of absences of sufficient facts alleged (and to each of the individual causes of action therein), and because "Defendants" cannot reasonably be

ARIAS OZZELLO & GIGNAC LLP

1   expected to frame a response.

2   **C.    THE ENTIRE COMPLAINT IS BARRED AS TO TRADELINE**

3   **SOLUTIONS, TED STEARNS, AND APRIL RICHARDS BECAUSE**

4   **IT IS BASED ON A MISPLACED AGENCY ARGUMENT**

5   As noted above, Plaintiff's Complaint fails on, among other grounds, the

6   ground of lack of cognizable legal theory" or "the absence of sufficient facts

7   alleged under a cognizable legal theory." (*Balisteri, supra,* 901 F2d at 699;

8   *Graehling, supra,* 58 F3d at 297.)

9   An agency is either actual or ostensible. CALIFORNIA CIVIL CODE Section

10  2298. An agency is actual when the agent is really employed by the principal.

11  CALIFORNIA CIVIL CODE Section 2299. An agency is ostensible when the

12  principal intentionally, or by want of ordinary care, causes a third person to

13  believe another to be his agent who is not really employed by him. CALIFORNIA

14  CIVIL CODE Section 2300.

15  Here the complaint is utterly devoid of any allegation that Ted Stearns

16  and April Richards were employees of TradeLine Solutions. This is because

17  Ted Stearns and April Richards are not "really employed" by TradeLine

18  Solutions. The Complaint does not allege any agency relationship or for that

19  matter any relationship that Plaintiff had to any of the listed Defendants.

20  Accordingly, Defendants request this Court to Dismiss Plaintiff's entire

21  Complaint.

22  **D.    PLAINTIFF'S COMPLAINT IS FACIALLY DEFECTIVE AS THE**

23  **PLEADINGS FAIL TO PROPERLY ALLEGE ORIGINAL**

24  **JURISDICTION**

25  Plaintiff's complaint is facially defective as it fails to sufficiently address

26  how this Court has original jurisdiction over this Complaint, and thus, subject

27  to this 12 (b)(1) Motion to Dismiss. Pursuant to 28 UNITED STATES CODE 1331

28  or 1332, Plaintiff has failed to plead how the court has original jurisdiction over

ARIAS OZZELLO & GIGNAC LLP

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

1    this matter. (See Complaint ¶ 1.)  Furthermore, this Complaint fails to follow

2    the Court's civil local rules regarding jurisdiction.

3        Pursuant to CIVIL LOCAL RULES 3-15 (a), "Jurisdiction. Each complaint,

4    petition, counterclaim and cross-claim must include a separate paragraph

5    entitled 'Jurisdiction.'  The paragraph will identify the statutory or other basis

6    for federal jurisdiction and the facts supporting such jurisdiction." *See* Civil

7    L.R. 3-5 (a).  Plaintiff has failed to plead original jurisdiction and has failed to

8    identify any statutory or basis for federal jurisdiction.

9        Pursuant to 28 U.S.C. 1331, "The district courts shall have original

10   jurisdiction of all civil actions arising under the Constitution, laws, or treaties

11   of the Unites States."   Whether a case "arises under" federal law for jurisdiction

12   purposes is tested by the "well-pleaded" complaint rule: Federal courts consider

13   only what necessarily appears in plaintiff's statement of his or her claim, unaided

14   by anything alleged in anticipation or avoidance of defenses the defendant may

15   interpose. (*Taylor v. Anderson* (1914) 234 US 74, 75-76; *see, Holmes Group, Inc.*

16   *v. Vornado Air Circulation Systems, Inc.* (2002) 535 US 826, 830.)

17       In determining whether the case "arises under" federal law, federal courts

18   look solely to the necessary allegations of plaintiff's complaint….those essential to

19   the causes of action. (*Gully v. First Nat'l Bank* (1936) 299 US 109, 112.) A

20   federal claim is not "colorable" if it clearly appears to be immaterial and made

21   solely for the purpose of obtaining federal jurisdiction or…is wholly insubstantial

22   and frivolous." (*See, Bell v. Hood* (1946) 327 US 678, 682-683; *Musson*

23   *Theatrical, Inc. v. Federal Express Corp.* (6th Cir. 1996) 89 F3d 1244.)  Federal

24   question jurisdiction does not exist where the complaint is based entirely on state

25   law. (*Phillips Petroleum Co. v. Texaco, Inc.* (1974) 415 US 125, 127; *Taylor,*

26   *supra*, 234 US at 75-76.)

27       Here, Plaintiff's Complaint states, "This Court has original jurisdiction of

28   the causes of action herein." (See Complaint ¶ 1.)  Nonetheless, pursuant to 28

ARIAS OZZELLO & GIGNAC LLP

1   U.S.C. 1331, the first, second, third, and fourth causes of action as alleged do

2   not raise issues under federal law.  Plaintiff has not identified the statutory or

3   other basis for federal jurisdiction, nor do the facts support such federal

4   question jurisdiction.  Thus, this Court lacks the power to hear these alleged

5   claims under 28 U.S.C. 1331.

6       Plaintiff's complaint does not sufficiently plead original jurisdiction

7   according to 28 U.S.C. 1332:

8       "(a) The district courts shall have original jurisdiction of all civil
        actions where the matter in controversy exceeds the sum or value
9       of $75,000, exclusive of interest and costs, and is between- (1)
        citizens of different States."
10

11      "(b) Except when express provision therefore is otherwise made in
        a statute of the United States, where the plaintiff who files the case
12      originally in the Federal courts is finally adjudged to be entitled to
        recover less than the sum or value of $75,000, computed without
13      regard to any setoff or counterclaim to which the defendant may
        be adjudged to be entitled, and exclusive of interest and costs, the
14      district court may deny costs to the plaintiff and, in addition, may
        impose costs on the plaintiff."

15      "(c) For the purposes of this section of this title- (1) a corporation
        shall be deemed to be a citizen of any State by which it has been
16      incorporated and of the State where it has its principal place of
        business."
17

18      The citizenship of the parties is a jurisdictional fact in diversity actions.

19  The burden is on the plaintiff- the party invoking federal jurisdiction – to plead

20  and prove such facts. (*McNutt v.  General Motors Accept. Corp. of Indiana*

21  (1936) 298 US 178, 179.)  The courts have further limited diversity

22  jurisdiction by construing the diversity statutes strictly. Any doubt as to

23  whether jurisdiction exists is normally resolved against a finding of such

24  jurisdiction. (See, *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F2d

25  1088, 1092; *Sheehan v. Gustafson* (8th Cir. 1992) 967 F2d 1214, 1215.)

26      To establish citizenship for diversity purposes, a natural person must be

27  both (a) a citizen of the U.S., and (b) a domiciliary of one particular state.

28  (*Kantor, supra,* 704 F2d at 1090; *Coury v. Prot* (5th Cir. 1996) 85 F3d 244,

ARIAS OZZELLO & GIGNAC LLP

1    249-250.)  A person's actions may speak louder than his or her words in

2    determining domiciliary intent. Such intent is gauged by various objective

3    factors. (*Altimore v. Mt. Mercy College* (8th Cir. 2005) 420 F3d 763, 768-769;

4    *Acridge v. Evangelical Lutheran Good Samaritan Soc.* (5th Cir. 2003) 334 F3d

5    444, 448.)

6         The amount in controversy for jurisdictional purposes is determined by

7    the amount of damages or the value of the property that is the subject of the

8    action.  (*Hunt v. Washington State Apple Advertising Comm'n* (1977) 432 US

9    333, 347-348; *Meisel v. Allstate Indem. Co.* (ED CA 2005) 357 F.Supp.2d

10   1222, 1225 (citing text).)  The amount in controversy may include punitive

11   damages if (1) they are recoverable as a matter of state law and (2) it cannot be

12   said to a legal certainty that plaintiff would not be entitled to recover the

13   jurisdictional amount. (*Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir.

14   1996) 75 F3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F3d 383,

15   386-387; *St. Paul Reinsurance Co., Ltd. v. Greeburg* (5th Cir. 1998) 134 F3d

16   1250, 1253-1254.)  When a punitive damages claim makes up the bulk of the

17   amount in controversy, the court will "scrutinize that claim closely" to be

18   certain jurisdiction exists. (*Anthony, supra*, 75 F3d at 315; *Packard v.*

19   *Provident Nat'l Bank* (3rd Cir. 1993) 994 F2d 1039, 1048.)  Courts increasingly

20   view punitive damages claims with skepticism, especially if asserted for the

21   apparent purpose of meeting the jurisdictional minimum. (*See, State of*

22   *Missouri ex rel. Pemiscot County, Mo. v. Western Sur. Co.* (8th Cir. 1995) 51

23   F3d 170, 173; *Miller v European American Bank* (SD NY 1996) 921 F.Supp.

24   1162, 1167; *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.* (5th

25   Cir. 2000) 227 F3d 326, 329 (no evidence of conduct that would support

26   punitive damages awards "roughly 50 to 690 times actual damages.").)

27    Furthermore, when there is no direct legal authority for an attorney's fee, a

28   request for a fee cannot be included in the computation of the jurisdictional

ARIAS OZZELLO & GIGNAC LLP

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

1    amount. (*Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F3d 1150, 1155.)

2         Plaintiff has attempted to plead original jurisdiction because he has

3    included Defendant Steve DeJesus, whom he alleges is an Arkansas resident.

4    (Complaint ¶ 9.)  This inference proves futile, as Plaintiff has not pled that he is

5    diverse.  Furthermore, Plaintiff contends to be a Nevada resident despite filing

6    this complaint as a California resident.  Plaintiff filed this Complaint in *Propia*

7    *Persona* with a California address listed as his address in the caption of this

8    pleading.  This Complaint shows Plaintiff's address as 3221 Vincent Road,

9    Pleasant Hill in the State of California.  Therefore, Plaintiff is not diverse from

10   Defendants.

11        Plaintiff's pleadings contain various false statements regarding

12   Defendants citizenship that prove original jurisdiction is lacking.   In the

13   Complaint Plaintiff states, "Brosnan is informed that Defendant TRADELINE

14   SOLUTIONS INC. is a California corporation." (See Complaint ¶ 4.)  There is

15   no such corporation registered with the Secretary of State of California.

16   Furthermore, Plaintiff states that "Brosnan is informed that Defendant

17   TRADELINESOLUTIONS.COM is a website operated from California." (See

18   Complaint ¶ 5.)  The FEDERAL RULES OF CIVIL PROCEDURE, Chapter 85, Section

19   1332, state that a website does not maintain any citizenship for diversity

20   purposes.  Moreover, Plaintiff states, "Brosnan is informed that April Richards

21   is a California resident." (See Complaint ¶ 7.)  Defendant April Richards is not

22   a resident of the State of California and has been erroneously sued.  Defendant

23   April Richards is not an individual employed by and/or associated with

24   TradeLine Solutions.  Defendants will assume that Plaintiff erroneously sued

25   April Richards.

26        Accordingly, the Court shall dismiss the Complaint with prejudice

27   because Plaintiff has failed to plead original and diversity jurisdiction.

28

ARIAS OZZELLO & GIGNAC LLP

**E.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR RELIEF UNDER SECTION 17200 SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING TO ASSERT ALL CLAIMS UNDER F.R.C.P. 12 (b)(6) AND PROPOSITION 64**

Plaintiff has not alleged actual injury in fact in his Complaint. Plaintiff lacks standing to bring this lawsuit; therefore, Plaintiff's third cause of action is subject to this motion to dismiss.

A motion to dismiss for failure to state a claim under Rule 12 (b)(6) lies where the complaint reveals on its face that plaintiff lacks standing. (*Sacks v. Office of Foreign Assets Control* (9th Cir. 2006) 466 F3d 764, 771; *Holly Sugar Corp. v. Goshen County Co-op. Beet Growers Ass'n* (10th Cir. 1984) 725 F2d 564, 567-568.) Proposition 64, which was approved by California voters on November 2, 2004, amended Section 17204 of the UCL requiring that: "[a]ctions for any relief pursuant to this chapter shall be prosecuted exclusively...by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition." CAL. BUS. & PROF. CODE § 17204.

Section 17203, which also amended by Proposition 64, now provides that: "[a]ny person may pursue representatives claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and compiles with Section 382 of the CODE OF CIVIL PROCEDURE...." CAL. BUS. & PROF. CODE § 17203. Accordingly, after the passage of Proposition 64, a person seeking to represent claims on behalf of others must show that (1) he has suffered actual injury in fact, and (2) such injury occurred as a result of the defendant's alleged unfair competition or false advertising. *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005).

The factual contentions in Plaintiff's Complaint do not allege in any capacity that Plaintiff has suffered an injury as a result of Defendants'

ARIAS OZZELLO & GIGNAC LLP

1  purported conduct. Plaintiff does not allege any facts demonstrating that he

2  was not able to use the service for which he had paid nor that Defendants were

3  perpetrating a fraud upon credit grantors. Again, this is because Plaintiff in fact

4  never purchased a tradeline(s) from Defendants, and has not suffered any injury

5  in fact. Accordingly, because Plaintiff has not alleged, and can not allege an

6  actual injury in fact, Plaintiff does not have standing to assert claims under

7  California Business and Professions Code Sections 17200.

8  **F.    THE COURT SHOULD DISMISS PLAINTIFF'S FIRST CLAIM FOR**

9  **FRAUD BECAUSE IT WAS NOT PLED WITH PARTICULARITY**

10  Plaintiff's first claim for fraud should be dismissed because he has failed

11  to allege the elements of fraud with particularity, as required by Rule 9(b).

12  "[W]hile a federal court will examine state law to determine whether the

13  elements of fraud have pled sufficiently to state a cause of action, the Rule 9(b)

14  requirement that the circumstances of the fraud must be stated with

15  particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317

16  F.3d 1097, 1103 (9th Cir. 2003).

17  Under California law, the "indispensable elements of a fraud claim

18  include a false representation, knowledge of its falsity, intent to defraud,

19  justifiable reliance, and damages." *Id.* at 1105. Every element of the cause of

20  action for fraud must be alleged in full, factually, and specifically. The policy

21  of liberal construction of pleading will not be invoked to sustain a pleading

22  defective in any material respect. *Wilhelm v. Pray, Price, Williams & Russell*

23  (1986) 186 CA3d 1324, 1332.

24  The particularity requirement necessitates pleading facts that "show how,

25  when, where, to who, and by what means the representations were tendered."

26  *Lazar v. Sup.Ct.(Rykoff-Sexton, Inc.)* (1996) 12 C4th 631, 645. In a complaint

27  for fraud against a corporation, plaintiff must allege: the names of the persons

28  who made the misrepresentations; their authority to speak for the corporation;

ARIAS OZZELLO & GIGNAC LLP

1   to whom they spoke; what they said or wrote; and when it was said or written.

2   *Lazar, supra*, 12 C4th at 645.  Rule 9(b) requires Plaintiff to allege the time,

3   place, and specific content of the false representations, the identities of the

4   parties to each misrepresentation, as well as what is false or misleading about a

5   statement, and why it is false.  *Camp v. Hagmaier*, 956 F.Supp. 1541, 1551

6   (C.D. Cal. 1997).

7        Paragraphs 27, 28, and 29 of the Complaint are wholly devoid of any

8   specific factual allegations concerning time, place, and content of any alleged

9   false representations made by Defendants. This is not surprising, as Plaintiff

10  has fundamentally stated nothing of substance within these paragraphs and

11  throughout his complaint.  Plaintiff merely pleads general and conclusory

12  allegations that Defendants made the following false representations and false

13  promises:

14      "Defendants knowingly market the sale of TRADELINES which
        have been in existence for more than three years to people so that
15      those very people can then misrepresent the truth of the
        TRADELINE to a credit granter for the purposes of obtaining
16      loans, cash or property.  (See Complaint ¶ 27).

17      "Defendants represent to the public that the purchase of
        TRADELINES for the purpose of gaining credit for the purpose of
18      defrauding credit granters is legal." (See Complaint ¶ 28).

19      "Defendants don't inform clients of the illegal nature of their
        proposed use of TRADELINES" (See Complaint ¶ 29).
20

21       As an initial matter, Plaintiff has failed to specify any facts

22  demonstrating any statement made by Defendants were false, let alone why

23  such statements are false. So, too, with the above allegations which are difficult

24  to discern and understand, Plaintiff provides no mention of any alleged

25  conspiracy, nor has Plaintiff alleged the identity of any Defendant who

26  "misrepresent the truth of the TRADELINE," when any such misrepresentation

27  occurred, or the identity of any alleged individual who allegedly received such

28  misrepresentations.  These allegations along with many of the purported "facts"

ARIAS OZZELLO & GIGNAC LLP

1    of the complaint are simply convoluted statements.

2        Plaintiff's asserted basis for this malicious charge is Plaintiff's account in

3    Paragraphs 27 through 29 of his complaint. Plaintiff's allegations are not only

4    false, but make little sense. Defendants do not use tradelines as Plaintiff

5    himself is the purchaser of these purported tradelines.   In effect, the Court may

6    infer it is in fact the Plaintiff who potentially intended to defraud, and certainly

7    is responsible for this attempted malicious conduct. Defendants use the term

8    "attempt" because on the face of the pleadings it is unclear what in fact the

9    Plaintiff is purporting to allege. Plaintiff does not allege that he was in fact

10    defrauded by any of Defendants' alleged conduct – much less the "who, what,

11    when, where, and why" required to state a valid fraud claim.  In Paragraph 29

12    of the Complaint, Plaintiff alleges, "Defendants do not inform clients of the

13    illegal nature of their proposed use of TRADELINES."   These allegations are

14    insufficient to satisfy heightened pleading requirement under Rule 9 (b).

15    Plaintiff does not allege when any of the acts occurred; who made the alleged

16    misrepresentations; in what capacity the Defendants allegedly had in the acts;

17    what was discussed and why statements or actions were allegedly false; or

18    which Defendant allegedly told their alleged role with allegations. Plaintiff's

19    blunderbuss allegations are insufficient to satisfy the heightened pleading

20    requirement under Rule 9 (b).  Accordingly, the Court should dismiss

21    Plaintiff's fraud claim without leave to amend.

22 **G.**      **THE COURT SHOULD DISMISS PLAINTIFF'S SECOND CLAIM**

23         **FOR CONSPIRACY TO COMMIT FRAUD BECAUSE IT IS NOT A**

24         **SEPARATE CAUSE OF ACTION AND WAS NOT PLED WITH**

25         **PARTICULARITY**

26        Plaintiff's second purported claim for conspiracy to commit fraud should

27    be dismissed for two separate reasons.  First, Plaintiff has not alleged fraud as

28    duly noted above, and conspiracy itself is not a separate cause of action.

ARIAS OZZELLO & GIGNAC LLP

1  Plaintiff has not alleged acts that would have given rise to a tort cause of action

2  without the conspiracy. Second, Plaintiff has not alleged sufficient facts to

3  render defendants liable for any alleged wrongs committed by others.

4      Conspiracy is a theory of vicarious liability under which certain

5  defendants may be held liable for torts committed by others. All parties to a

6  conspiracy are jointly liable for tortuous acts committed by any of them

7  pursuant to the conspiracy. *Okun v. Sup.Ct. (Maple Properties)* (1981) 29 C3d

8  442, 454; *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131

9  CA4th 802, 823.

10     The complaint must allege acts that would have given rise to a tort cause

11 of action without the conspiracy. Absent such allegations, the conspiracy

12 allegations are meaningless. *Manor Invest. Co., Inc. v. F.W. Woolworth* (1984)

13 159 CA3d 586, 595 (disproved on other grounds in *Applied Equip. Corp. v.*

14 *Litton Saudi Arabia Ltd.* (1994) 7 C4th 503, 521, fn. 10. The conspiracy must

15 be properly pled. Under California law, to render defendants liable for wrongs

16 committed by another, the complaint must allege: (1) defendant had knowledge

17 of and agreed to both the objective and course of action to injure the plaintiff;

18 (2) the wrongful act pursuant to such agreement; and, (3) resulting damage to

19 plaintiff. *See, Quelimane Co., Inc. v. Stewart Title Guar. Co.* (1998) 19 C4th

20 26, 47.

21     Paragraphs 31, and 32 of the Complaint are also wholly devoid of any

22 specific factual allegations concerning time, place, and content of any alleged

23 false representations made by Defendants. Just as in his first attempt to plead

24 fraud, Plaintiff has fundamentally stated nothing of substance within this

25 alleged cause of action for conspiracy. Plaintiff again pleads general,

26 conclusory, and nonsensical allegations that Defendants "working in concert"

27 committed "phony" acts:

28 ///

ARIAS OZZELLO & GIGNAC LLP

ARIAS OZZELLO & GIGNAC LLP

1         "Defendants establish phony TRADELINES by working in
2         concert with other parties that represent to credit granters that the
       TRADELINES are legitimate." (See Complaint ¶ 31).

3         "Said outside parties are fully aware that the TRADELINE will be
4         used for purposes of obtaining credit." (See Complaint ¶ 32).

5      As noted above, Plaintiff's have failed to state a cause of action for

6  fraud; and conspiracy to commit fraud is not a separate cause of action. The

7  Plaintiff does not allege that he was in fact defrauded by any of Defendants'

8  alleged conduct – much less the "who, what, when, where, and why" required

9  to state a valid fraud claim. In Paragraph 31 of the Complaint, Plaintiff alleges,

10  "Defendants establish phony TRADELINES by working in concert with other

11  parties that represent to credit granters that the TRADELINES are legitimate.

12  Plaintiff again makes allegations that are not only false, but lack logic and

13  reasoning. In fact, Plaintiff's alleged "facts" of this complaint state that "All

14  defendants advise their client clients to apply for credit through a credit granter

15  and represent to the credit granter that the TRADELINE is theirs and has

16  always been theirs." (See Complaint ¶ 23). Plaintiff not only contradicts

17  himself, but also fails to identify himself as the client that purported purchased

18  the TRADELINE for the sole purpose of increasing their credit score."

19      Plaintiff has not alleged acts that would have given rise to a tort cause of

20  action without the conspiracy, nor has he alleged conspiracy properly. The

21  objective and course of action of the alleged conspiracy along with the actual

22  conspirators have not been pled. Plaintiff has not stated the existence of an

23  agreement to commit a wrongful act. Nor has plaintiff stated any alleged

24  damages resulting from the conspiracy. In Paragraph 32 of the Complaint,

25  Plaintiff alleges, "Said outside parties are fully aware that the TRADELINE

26  will be used for purposes of obtaining credit." Defendants can not be liable for

27  an alleged conspiracy that simply lacks factual and legal basis.

28      In addition, these allegations are insufficient to satisfy heightened

1   pleading requirement under Rule 9 (b). Plaintiff does not allege when any of

2   the acts occurred; who made the alleged misrepresentations; in what capacity

3   the Defendants allegedly had in the acts; what was discussed and why

4   statements or actions were allegedly false; or which Defendant allegedly told

5   their alleged role with allegations. Plaintiff's blunderbuss allegations are

6   insufficient to satisfy the heightened pleading requirement under Rule 9 (b).

7   Plaintiff can not allege any facts because he has never suffered an injury in

8   fact. Accordingly, the Court should dismiss Plaintiff's conspiracy to commit

9   fraud claim without leave to amend.

10  **H.   PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF BUSINESS**

11  **AND PROFESSIONS CODE SECTION 17200 SHOULD BE**

12  **DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED CLAIMS**

13  **AGAINST THE DEFENDANTS FOR UNFAIR COMPETITION**

14  Plaintiff's third claim for unfair competition, does not allege that

15  defendants conduct was "unlawful, unfair, or fraudulent business acts or

16  practices, constituting unfair competition in violation of California Business

17  and Professions Code §17200, et seq. (*Id.* ¶66) Thus, the third cause of action,

18  for unfair competition, cannot survive the dismissal of the underlying claims

19  herein. Thus, without underlying and independent claim of wrongdoing,

20  Plaintiff cannot claim and has not claimed that Defendants' conduct was

21  "unlawful, unfair, or fraudulent business acts or practices, constituting unfair

22  competition in violation of California Business and Professions Code §17200,

23  et seq. (*Id.* ¶66.)[1]

24  Because Plaintiff cannot establish and has not established the other

25  claims in his Complaint against the Defendants, Plaintiff's claim for statutory

26

27  [1] This language "includes anything that can properly be called a business
    practice and that at the same time is forbidden by law." *Cort v. St. Paul Fire*

28  *and Marine Ins. Co.* 311 F.3d at 987.

ARIAS OZZELLO & GIGNAC LLP

1    unfair competition must also be dismissed without leave to amend.

2    **I.    PLAINTIFF'S FOUTH CLAIM FOR FALSE AND DECEPTIVE**

3    **ADVERTISING SHOULD BE DISMISSED BECAUSE IT DOES**

4    **APPPLY TO THE ALLEGATION IN THE COMPLAINT AND IT**

5    **WAS NOT PLED WITH PARTICULARITY**

6    Plaintiff's fourth claim for relief alleges false and deceptive advertising.

7    First, Plaintiff has not provided any factual basis, nor a legal basis for this

8    claim.  Second, assuming there is a legal basis for this claim and it is

9    conjunctive and related to the alleged fraud, Plaintiff has failed to plead any

10   purported fraud with particularity.

11   In Paragraph 36 of his complaint, Plaintiff alleges, "All defendants

12   advertise their services of selling TRADELINES as being totally legal when in

13   fact all defendants know they are engaging in the defrauding of a credit

14   grantor." (See Complaint ¶ 36.)  However, Paragraphs 13 through 25 of the

15   Complaint do not state any alleged facts pertaining to Defendant's conduct of

16   advertising services.

17   In addition, as noted *supra*, Plaintiff's allegations as to "defrauding of a

18   credit granter" are insufficient to satisfy heightened pleading requirement under

19   Rule 9 (b). (See Complaint ¶ 36.)  Moreover, Plaintiff has not suffered an

20   injury in fact because he never purchased a tradeline from Defendants.

21   Accordingly, the Court should dismiss Plaintiff's claim for false and deceptive

22   advertising without leave to amend.

23   ///

24   ///

25   ///

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

ARIAS OZZELLO & GIGNAC LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS OZZELLO & GIGNAC LLP

## IV.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court
to grant their Motion and to dismiss this Complaint with prejudice.


Dated:  February 19, 2008                ARIAS OZZELLO & GIGNAC LLP


By: _____
MIKE ARIAS
MARK A. OZZELLO
MARK J. BLOOM
*Attorneys for Defendants*
Quantum Holdings, d.b.a., Tradeline
Solutions, Ted Stearns and April
Richards a.k.a. Tamera Turkisher

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO F.R.C.P. 12 (B)(6) AND 9(B)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **February 19, 2008**, I served a true and correct copy of the foregoing document described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12 (b)(1); 12(b)(6) AND 9(b); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

John Brosnan
3321 Vincent Road
Pleasant Hill, CA 94523
Tel: (510) 779-1006
Fax: (925) 237-8300

[✓]   **BY MAIL:** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California .

[✓]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fa x number of record in this action on February 19, 2008, from Los Angeles, California.

[ ]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein, via electronic transmission of the "Notice of Electronic Filing" (NEF), at the time of electronically filing the document(s).

[ ]   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee named herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 19, 2008** at Los Angeles, California.

Leandra Kamba
Type or Print Name                                    Signature

ARIAS OZZELLO & GIGNAC LLP