Mike Arias, Esq. (CSB #115385)
Mikael H. Stahle, Esq. (CSB 182599)
Mark J. Bloom, Esq. (CSB #223783)
**ARIAS OZZELLO & GIGNAC LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-1558
Tel: (310) 670-1600
Fax: (310) 670-1231
marias@aogllp.com
mstahle@aogllp.com
mbloom@aogllp.com

Attorneys for Defendants,
Quantum Holdings dba Tradeline Solutions, Inc.,
TradelineSolutions.com, Ted Stearns,
April Richards aka Tamera Turkisher

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>  Plaintiff,<br><br>vs.<br><br>TRADELINE SOLUTIONS INC., et al.,<br><br>  Defendants. | Case No. C08-00694 MMC<br><br>Hon. Maxine M. Chesney<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: May 30, 2008<br>Time: 10:30 a.m.<br>Ctrm.: 7<br><br>Complaint Filed: January 30, 2008<br>Trial Date:  None |

   COME NOW Defendants Quantum Holdings dba Tradeline Solutions, Inc.; TradelineSolutions.com; Ted Stearns; and, April Richards aka Tamera Turkisher (collectively "Tradeline Defendants") and submit this Case Management Statement.

///

///

///

1. <u>Jurisdiction and Service</u>

The Tradeline Defendants do not believe this Court has subject matter jurisdiction of this action, as Plaintiff has failed to allege both (1) diversity of citizenship, and (2) the proper amount in controversy and, therefore, has failed to sufficiently plead how this Court has original jurisdiction to hear this case under 28 U.S.C. § 1331 or §1332, and has not abided by Civil Local Rule 3-15 (a) regarding jurisdictional requirements.

2. <u>Facts</u>

Plaintiff alleges that Defendants sold so-called "tradelines," which are aged lines of credits whereby the purchaser may establish a credit history in a short period of time. Plaintiff appears to also allege that Defendants have engaged in fraud by misrepresenting the nature of "tradelines" and by permitting others to use the tradelines to defraud others.

3. <u>Legal Issues</u>

The legal issues most immediately before the Court concern whether Plaintiff has sufficiently and appropriately plead the claims for relief. Plaintiff's claims for relief are (1) Fraud, (2) Conspiracy to Commit Fraud, (3) Unfair Competition, and (4) False and Deceptive Advertising.

4. <u>Motions</u>

The Tradeline Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a cause of action. They have also filed a Motion to Strike Plaintiff's prayer for punitive damages in the amount of $100,000,000.

5. <u>Amendment of Pleadings</u>

The Tradeline Defendants are currently unaware of any intention on Plaintiff's part to amend the complaint.

///

///

6. <u>Evidence Preservation</u>

The Tradeline Defendants have, in principal, no objection to an order requiring the preservation of evidence, but have not received any proposal from Plaintiff in this regard.

7. <u>Disclosures</u>

The Tradeline Defendants propose that the parties make their Fed. R. Civ. P. 26 disclosures no later than 14 days after the May 30, 2008 Case Management Conference.

8. <u>Discovery</u>

The Tradeline Defendants have not yet engaged in formal discovery and are unaware of any discovery served by any other party.

9. <u>Class Actions</u>

N/A.

10. <u>Related Cases</u>

The Tradeline Defendants are unaware of any related cases.

11. <u>Relief</u>

The Tradeline Defendants have not been able to determine from the complaint the exact nature of Plaintiff's claims and therefore cannot say what the basis for damages would be.

12. <u>Settlement and ADR</u>

The Tradeline Defendants are amenable to engaging in mediation. At this early stage, however, the Tradeline Defendants are not in a position to evaluate the prospects for resolution.

13. <u>Consent to Magistrate Judge for All Purposes</u>

The Tradeline Defendants have no objection to the assignment of this matter to a Magistrate Judge for all purposes.

///

///

14. <u>Other References</u>

The Tradeline Defendants do not at this stage believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing the Issues</u>

The Tradeline Defendants believe that the motions responsive to the complaint will help narrow the issues.

16. <u>Expedited Schedule</u>

The Tradeline Defendants have no objection in principle to the handling of this case on an expedited schedule but believe that it is premature to make that determination before the ruling on the motions currently on calendar.

17. <u>Scheduling</u>

| | |
|---|---|
| Designation of Experts | July 18, 2008 |
| Designation of Rebuttal Experts | August 22, 2008 |
| Discovery Cutoff | September 19, 2008 |
| Hearing on Dispositive Motions | November 14, 2008 |
| Pretrial Conference | January 26, 2009 |
| Trial | February 16, 2009 |

18. <u>Trial</u>

The Tradeline Defendants are requesting a jury trial. Trial estimate: 15-20 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

The Tradeline Defendants are unaware of any non-party interested entities or persons.

///
///
///
///

20. <u>Other Matters Facilitating Just, Speedy, and Inexpensive Disposition</u>

The Tradeline Defendants are unaware of any such matters at the current time.

Dated: May 23, 2008

ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
MIKAEL H. STAHLE
MARK J. BLOOM
Attorneys for Class Plaintiffs