Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
Mark J. Bloom, Esq. (CSB #223783)
ARIAS OZZELLO & GIGNAC LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-1558
Tel: (310) 670-1600
Fax: (310) 670-1231
marias@aogllp.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>TRADELINE SOLUTIONS INC., TRADELINESOLUTIONS.COM, TED STEARNS, APRIL RICHARDS, RANDOLPH HIRSCH, STEVE DEJESUS, SEASONEDTRADES.COM, TAYLORSTREETCREDIT.COM, and DOES 1-99,<br><br>        Defendants. | Case No. C08-00694 (JCS)<br><br>[Hon. Joseph C. Spero<br> Courtroom "A"]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIF'S COMPLAINT PURSUANT TO F.R.C.P. 12(f) AND, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  March 28, 2008<br>Time: 9:30 a.m.<br>Ctrm.: A<br><br>Complaint Filed: January 30, 2008<br>Trial Date:      None |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 28, 2008 at 9:30 a.m., in Courtroom "A" of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendants Quantum Holdings, d.b.a., Tradeline Solutions, Ted Stearns and April Richards a.k.a. Tamera Turkisher (collectively, "Defendants") will move the Court for an order

pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(f) striking portions of Plaintiff's Complaint pertaining to Plaintiff's claims for punitive damages in the amount of $100,000,000.00 and for attorney's fees, without leave to amend.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings, papers and records on file herein, any matter of which the Court may take judicial notice, and such oral argument as may be presented at the hearing on this Motion.

Dated: February 19, 2008

ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
MARK A. OZZELLO
MARK J. BLOOM
*Attorneys for Defendants*
Quantum Holdings, d.b.a., Tradeline Solutions, Ted Stearns and April Richards a.k.a. Tamera Turkisher

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff alleges four purported claims for relief against Defendants for: (1) fraud; (2) conspiracy to commit fraud; (3) "unfair business practices" (in violation of California Business & Professions Code § 17200, et seq.); and, (4) false and deceptive advertising.

Plaintiff alleges causes of action containing fraud, which are required to be pled with specificity. Plaintiff's prayer for punitive damages in the amount of $100,000,000 should be stricken as Plaintiff fails to state with specificity why the Court should grant his prayer for relief for the absurd amount requested, or any other amount. Furthermore, Plaintiff fails to plead a statute or agreement supporting an award of attorney's fees.

### II.

### RELEVANT FACTS

Quantum Holdings, Incorporated, is a corporation duly licensed under the State of California, doing business as, TradeLine Solutions. TradeLine Solutions operates a business that sells consumers seasoned tradeline(s). A seasoned tradeline is an aged assumable note that has a payment history. TradeLine Solutions operated a website, www.tradelinesolutions.com, that marketed its services.

Tradeline Solutions' Chief Executive Officer, Ted Stearns, managed its operations and business. Tamera Turkisher, a.k.a., April Richards served as an independent sales representative that assisted potential customers in determining which TradeLine Solutions products would be best suited for the individual customers needs. Plaintiff John Bronson has never purchased a seasoned tradeline(s) from Defendants' TradeLine Solutions, Ted Stearns, and/or April Richards.

# III.
# ARGUMENT

### A. A MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12 (f) IS APPROPRIATE BECAUSE DEFECTS APPEAR ON THE FACE OF THE COMPLAINT

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter. FRCP 12(f). The court may strike a pleading or any portion thereof on its own motion, at any time. FRCP 12 (f). A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (*LeDuc v. Kentucky Central Life Ins. Co.* (ND CA 1992) 814 F.Supp. 820, 830.) Any portion of a pleading may be challenged by a Rule 12 (f) motion to strike where the pleadings are "redundant, immaterial, impertinent or scandalous matter." (See, *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F2d 1524, 1528 (rev'd on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 US 517, 534-535.)

Orders striking portions of pleadings are proper although they are not shown to be "prejudicial" to the moving party, if granting the motion will make the trial less complicated or otherwise streamline ultimate resolution of the action. (See, *Id*; *In re Beef Industry Antitrust Litig.* (5th Cir. 1979) 600 F2d 1148, 1168-1169.)

### B. PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PLAINTIFF HAS NOT SPECIFICALLY STATED HE HAS SUFFERED ANY DAMAGES AND HAS NOT SUPPORTED HIS ALLEGATIONS WITH ANY EVIDENCE

Plaintiff requests relief of punitive damages in the amount of $100,000,000. However, Plaintiff does not allege fraud with specificity in his Complaint, as duly noted in Defendants' Motion to Dismiss. Most importantly because Plaintiff has

not suffered an injury in fact for which he is entitled to such relief; Plaintiff's prayer for punitive damages should be stricken from the Complaint.

A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. (*Tapley v. Lockwood Green Engineers, Inc.* (8th Cir. 1974) 502 F.2d 559, 560 [prayer for damages in wrongful death action exceeded maximum permitted by statute]; *Bureerong v. Uvawas* (CD CA 1996) 922 F. Supp. 1450, 1479, fn. 34; *Wilkerson v. Butler* (ED CA 2005) 229 F.R.D. 166, 172 (citing text).) Prayers for punitive damages or for attorney fees may be stricken, in actions where these are not recoverable as a matter of law. (*Wilkerson v. Butler, supra,* 229 F.R.D. at 172.) Moreover, pursuant to FEDERAL RULES OF CIVIL PROCEDURE Rule 9 (g), "When items of special damage are claimed, they shall be specifically stated."

As stated more fully in Defendants' Motion to Dismiss, Plaintiff has not and cannot state a claim for relief for fraud. Plaintiff must claim punitive damages with specificity according to FEDERAL RULES OF CIVIL PROCEDURE Rule 9 (g). Here, there are no disputed questions of fact or law. Plaintiff has not pled anything other than a belief that he is entitled to punitive damages in the amount of $100,000,000, without explaining why.

Plaintiff has alleged four causes of action based on fraud, and Plaintiff has neither alleged an injury in fact nor pled any facts in his Complaints explaining how, when, where, to who, and by what means the alleged fraudulent acts occurred that entitle Plaintiff to punitive damages. The Complaint is wholly devoid of any specific factual allegations concerning time, place, and content of any alleged false representations made by Defendants. This is not surprising, as Plaintiff has stated nothing of substance throughout his complaint. Plaintiff merely pleads general and conclusory allegations as against the Defendants. He has failed to specify any facts demonstrating the necessity for punitive damages, how punitive damages were calculated, and why such a statement was included in

his prayer for relief.

As stated in Defendant's Motion to Dismiss, Plaintiff has not pled that he was a purchaser of a tradeline(s) and/or any other service or product from Defendants. Therefore he lacks any right to claim an award of punitive damages, and the punitive damages are immaterial and have no bearing on the alleged controversy before the court. Accordingly, the Court should strike Plaintiff's prayer for relief in the amount of $100,000,000 punitive damages, without leave to amend.

### C. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES SHOULD BE STRICKEN BECAUSE PLAINTIFF HAS NOT PLED AN AGREEMENT OR STATUTE SUPPORTING ATTORNEY'S FEES, NOR HAS HE PLED AN INJURY IN FACT NECESSITATING AN AWARD FOR ATTORNEY'S FEES

Plaintiff claims attorney's fees in his prayer for relief in the Complaint. However, this prayer for relief is immaterial and impertinent. First, there is no express right to attorney's fees. Second, Plaintiff has not pled in his Complaint that an agreement for attorney's fees exists. Moreover, as noted *supra* and in Defendants' Motion to Dismiss, Plaintiff has not suffered an injury in fact, and does not have standing to request attorney's fees in his prayer for relief. Plaintiff does not plead he has had any relationship or business dealings with Defendants. Plaintiff's claim for attorney's fees in his prayer for relief should be stricken from the Complaint.

A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. (*Tapley, supra,* at 560.) Prayers for punitive damages or for attorney fees may be stricken, in actions where these are not recoverable as a matter of law. (*Wilkerson v. Butler, supra,* 229 F.R.D. at 172.) Furthermore, CAL. CODE OF CIVIL PROCEDURE § 1021 states, "[e]xcept as attorneys' fees are specifically provided for by statute, the measure

and mode of compensation…is generally left to the agreement, express or implied, of the parties." Attorneys' fees are not recoverable unless expressly authorized by statute or by the contract. *See*, CAL. CODE OF CIVIL PROCEDURE § 1021; *Reynolds Metal Co. v. Alperson* (1979) 25 C3d 124, 127.

The same holds for actions under CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 C4th 163, 179; *see also, Cortez v. Purolator Air Filtration Prods., Inc.* (2000) 23 C4th 163, 173.) Hence, the general rule against allowing against allowing attorney fees would apply to claims brought under CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, absent some other recognized exception. (*See also, United Servs. Auto Ass'n v. Dalrymple* (1991) 232 CA3d 182, 187; *Patchmayr Gun Works, Inc. v. Olin-Mathieson Chem. Corp.* (9th Cir. 1974) 502 F2d 802, 810.)

Here, as noted *supra*, Plaintiff has not pled any statute or agreement exists for the recovery of attorney's fees. Absent facts alleging fees are recoverable for Plaintiff's purported §17200 claims, Plaintiff is barred from seeking such relief. Most importantly, Plaintiff has not pled that he is entitled to the recovery of attorney's fees for his *Propia Persona* claims because he has not stated that he has suffered an injury in fact that would entitle him to such relief.

Thus based on the above, the Court must strike Plaintiff's request for relief of attorney's fees, without leave to amend.

///

///

///

# IV.
# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court to grant this Motion and to strike portions of Plaintiff's Complaint pertaining to Plaintiff's claims for punitive damages in the amount of $100,000,000.00 and for attorney's fees, without leave to amend.

Dated: February 19, 2008                     ARIAS OZZELLO & GIGNAC LLP

By: _____
MIKE ARIAS
MARK A. OZZELLO
MARK J. BLOOM
*Attorneys for Defendants*
Quantum Holdings, d.b.a., Tradeline Solutions, Ted Stearns and April Richards a.k.a. Tamera Turkisher

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **February 19, 2008**, I served a true and correct copy of the foregoing document described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(f) AND, MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

John Brosnan
3321 Vincent Road
Pleasant Hill, CA 94523
Tel: (510) 779-1006
Fax: (925) 237-8300

[✓] **BY MAIL:** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[✓] **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action on February 19, 2008, from Los Angeles, California.

[ ] **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein, via electronic transmission of the "Notice of Electronic Filing" (NEF), at the time of electronically filing the document(s).

[ ] **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee named herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 19, 2008** at Los Angeles, California.

Leandra Kamba
Type or Print Name            Signature