John Brosnan
848 North Rainbow Boulevard #1643
Las Vegas, NV 89107
510.779.1006 : Tel
925.237.8300 : Fax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN, | CASE NUMBER : CV 08-0694 JCS |
| Plaintiff, | CASE MANAGEMENT STATEMENT |
| v. | Date:  August 1, 2008<br>Time: 1:30 PM |
| TRADELINE SOLUTIONS INC, TRADELINESOLUTIONS.COM, TED STEARNS, APRIL RICHARDS aka TAMERA TURKISHER AND DOES 1 - 97, | Ctrm: A |
| Defendants. | |

COMES NOW Plaintiff, John Brosnan and submits this Case Management Statement.

1.   JURISDICTION AND SERVICE

This court has subject matter jurisdiction in this action. John Brosnan is a resident of Nevada which satisfies the diversity issue. The amount of controversy exceeds more than $75,000 which satisfies that test. The other issues are federal in nature. More specifically, defendants conspired to sell Tradelines which they advised their clients to use to obtain federally guaranteed homeloans.

2.   FACTS

Defendants engaged in the business of selling tradelines. The purpose of the tradeline sale was so that a client could add the tradeline to their credit report and boost their credit score for the purpose of acquiring a federally guaranteed loan. Defendants represented to clients that

CASE MANAGEMENT STATEMENT

defendants could sell an established "tradeline" to a client and that the client could legally then go to a bank and obtain a federally guaranteed home loan by representing to the bank that the lines of credit and the tradeline's history which appeared on the client's credit report were in fact their own when they were not.  This scheme was designed to defraud the bank into believing that the client's credit history that included the tradeline was totally legitimate when in fact the client had never made a single payment on the purchased tradeline.

I've spoken with several lenders who are prepared to testify in court that if they'd approved a loan to an individual and then the lender discovered that the borrower who obtained that loan had done so through via a fraudulently inflated credit report that they would have cancelled the loan. The sole purpose of this scheme of selling tradelines was so that parties could defraud lenders into believing something that was not true.

The activity of the defendants is no different than a borrower hiring an appraiser to overstate the value of a property in order to get a loan from a bank.  In that instance if a legitimate appraisal were provided to the bank the borrower would not get the loan.

Defendants represented to clients that this activity was legal and aboveboard when defendants knew otherwise.  Defendants advised clients to maintain secrecy regarding the purchased tradeline when dealing with banks.  The reason is quite simple; defendants knew that if the bank found out about the purchased tradeline that the client would not get the loan and then the client would come back to the defendants and demand their money back.

The meltdown of the mortgage industry is filled with all types of con artists working schemes to defraud lenders.  The internet is replete with articles of brokers, real estate agents and borrowers committing all types of fraud to get loans from banks.  Those loans eventually are sold to Fannie Mae and Freddie Mac, government sponsored mortgage companies, both of these entities stand to lose billions of dollars due to the mortgage industry meltdown.  And here comes defendants throwing gasoline on the fire.

As of July 10, 2008, Freddie Mac and Fannie Mae have sustained a combined loss of more than 18.2 Billion dollars.  The American taxpayer will bear the cost of losses incurred by Freddie Mac.  Since Freddie Mac is a government sponsored enterprise defendants have conspired to

defraud every single American.

    3.    <u>LEGAL ISSUES</u>

Plaintiff has sufficiently plead the claims for relief.

    4.    <u>MOTIONS</u>

Defendants have filed a Motion to Dismiss the action.

    5.    <u>AMENDMENT OF PLEADINGS</u>

None at this time

    6.    <u>EVIDENCE PRESERVATION</u>

No objection to evidence preservation.

    7.    <u>DISCLOSURES</u>

Plaintiff asks at least 30 days subsequent to the August 1, 2008 CMC hearing to make his Federal Rule of Civil Procedure 26 disclosures. And that more time be allotted as new evidence comes in.

    8.    <u>DISCOVERY</u>

None as of yet.

    9.    <u>CLASS ACTIONS</u>

No

    10.    <u>RELATED CASES</u>

None that plaintiff is aware of.

    11.    <u>RELIEF</u>

Per the complaint.

    12.    <u>SETTLEMENT AND ADR</u>

Acceptable to Plaintiff.

    13.    <u>CONSENT TO MAGISTRATE FOR ALL PURPOSES</u>

No objection.

    14.    <u>OTHER REFERENCES</u>

Not at this time.

    15.    <u>NARROWING THE ISSUES</u>

None

    16.    <u>EXPEDITED SCHEDULE</u>

No.

    17.    <u>SCHEDULING</u>

To be determined.

18.    TRIAL

Plaintiff requests a non jury trial.

19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has been contacted by several people who purchased tradelines from defendants yet never received the tradeline they paid for. It appears to Plaintiff that defendants failed to realize that internet search engines could help people defrauded by defendants.

20.    MATTERS FACILITATING SPEEDY AND INEXPENSIVE DISPOSITION

To be determined.

Dated: July29, 2008                    By: /s/  John Brosnan
                                           John Brosnan

CASE MANAGEMENT STATEMENT