John Brosnan
848 North Rainbow Boulevard #1643
Las Vegas, NV 89107
510.779.1006 : Tel
925.237.8300 : Fax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

Plaintiff,

v.

TRADELINE SOLUTIONS INC, ET AL.,
AND DOES 1 - 99,

Defendants.

CASE NUMBER : C-08-00694 JCS

LANHAM ACT
15 U.S.C. §1125(a)

UNLAWFUL TRADE PRACTICE
STATE CLAIM
CA B&P CODE §17200 & §17500

FRAUD
CONSPIRACY TO COMMIT FRAUD

DEMAND FOR JURY TRIAL

Plaintiff John Brosnan files this Complaint against Defendants; Tradeline Solutions Incorporated, TradeLineSolutions.Com, Ted Stearns, April Richards aka Tamera Turkisher for unfair trade practices under California Business & Professions Code § 17200, Fraud, Conspiracy to Commit Fraud and False advertising under the Lanham Act 15 U.S.C. §1125(a), and alleges the following:

JURISDICTION, VENUE, AND PARTIES

1.  Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338, this Court has jurisdiction over the subject matter of this action.  Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the state law claim because this claim is related to, and forms part of the same case or controversy as, the federal question claims.

2.  Venue in this district is proper under 28 U.S.C. §1391.

COMPLAINT

3.  JOHN BROSNAN ("BROSNAN") conducts business in the jurisdiction of this Court.

4.  BROSNAN is informed that TRADELINE SOLUTIONS INC ("TSI") is a California corporation.

5.  BROSNAN is informed that TRADELINESOLUTIONS.COM ("TSC") is a website operated from California.

6.  BROSNAN is informed and believes that TED STEARNS ("STEARNS") is a California resident.

7.  BROSNAN is informed that APRIL RICHARDS ("RICHARDS") is a California resident.

8.  BROSNAN does not know the true names of the DOES listed above but will amend this complaint accordingly once their identities have been determined

## BACKGROUND
### (Parties)

9.  BROSNAN works with people who have low credit scores and assist them in purchasing real estate.  This is accomplished by helping them improve their credit scores through legitimate means such as negotiating with reporters of derogatory credit, negotiating deals with lenders and working to clear their credit history of erroneous data.

10. TSI, TSC, STEARNS and RICHARDS operate in competition with BROSNAN

## BACKGROUND
### (Business)

11. Credit scores are the primary means by which a credit granter such as a bank makes a decision about the credit worthiness of a borrower.  A person with a credit score that's too low will be turned down for a loan from a bank.  Consequently the higher the credit score of a borrower the more likely that a borrower will be successful in getting a loan.

12. Banks rely on data provided to them by credit reporting agencies.  Credit reporting agencies maintain databases of information on borrowers and generate credit scores based on the borrowers history of making payments to credit granters.

13. BROSNAN works with individuals who have low credit and helps them to improve their credit score.  This is accomplished by assisting them in removing erroneous data from their

credit history and negotiating with lenders regarding specific loans for real estate and obtaining exceptions to blemishes on their credit.

14. TSI, TSC, STEARNS and RICHARDS help borrowers obtain loans by increasing their credit score by providing falsified data to credit reporting agencies; this is accomplished by selling a pre-existing line of credit ("TRADELINE") to the borrower and then causing the TRADELINE to be reported to the credit reporting agencies. This causes the credit score of the borrower to be increased. When defendants sell the TRADELINE to a borrower they also direct the borrower to not disclose that the borrower has purchased a TRADELINE. Defendants also direct the borrower to tell any credit granter that the TRADELINE is theirs and always has been.

15. Defendants are fully aware that if a credit granter, like a bank, knows that the credit score of the borrower has been artificially inflated by the addition of purchased TRADELINES on which the borrower has never made a payment, that the bank will not make the loan.

16. Defendants inform their clients that it's imperative that their clients represent to credit granters that the TRADELINES on their credit history are theirs.

17. Defendants knowingly direct their clients to misrepresent the facts and deceive lenders in order to receive loans on real estate.

## FEDERAL CLAIMS
### (15 U.S.C. §1125(a))

18. Plaintiff maintains the above claims.

19. All defendants offer services whereby a client can purchase a pre-existing line of credit which the defendants refer to as a TRADELINE.

20. Said TRADELINES are typically older than three years.

21. Said TRADELINES typically have never had a payment made on them by the client.

22. Said TRADELINES are absolute fabrications created for the sole purpose of duping a credit granter into believing that the person with the TRADELINE has had the TRADELINE for it's entire existence and has made timely payments on that TRADELINE.

23. All defendants are aware that their clients have never made a payment on the TRADELINE that defendant has sold to the client.

24. All defendants advise their clients to represent to a credit granter that the client has had the TRADELINE for it's entire existence and that the client has made all the payments

25. All defendants assist their clients in adding the TRADELINE to the client's existing

COMPLAINT

credit in order to boost the credit score of the client.

26. All defendants then advise their clients to apply for credit through a credit granter and represent to the credit granter that the TRADELINE is theirs and has always been theirs.

27. Credit granters are entities such as mortgage companies that make home loans, car dealers that lend money to buy cars, jewelry stores that lend money to people to purchase diamonds and other jewelry and landlords vetting potential tenants, just to name a few.

28. All defendants know that without their provision of TRADELINES to their clients that those very clients would not be able to obtain the loans they can obtain by the use of the falsified TRADELINES.

29. All defendants advise their clients to not tell potential credit granters that the TRADELINE was purchased for the sole purpose of increasing their credit score.

30. All defendants are knowingly perpetrating a fraud upon credit granters.

31. Defendants advertise their service as being legal and legitimate, said advertising is literally false and intended to mislead customers.

32. Defendants intentionally misrepresent the truth behind falsifying credit histories and convince customers that that it perfectly legal to defraud a credit granter.

33. Defendants' misrepresentation through false advertising was and is likely to influence purchasing decisions of consumers.

34. As a competitor, Plaintiff was injured by the misrepresentations of defendants as to the legality of defrauding lenders.

35. As a competitor, Plaintiff was injured by the direct diversion of customers from Plaintiff to Defendants.

36. As a competitor, Plaintiff has sustained expenses and losses as a result of the action of defendants when defendants misrepresented the truth to consumers.

## STATE CLAIM
**(California business and professions code § 17200 & §17500)**

37. Plaintiff maintains the above allegations.

38. Defendants engage in unlawful business practices within the State of California, marketing and selling services to California consumers in violation of California law in one or more of the following ways.

39. Defendants represent to consumers that it's legal to purchase a TRADELINE and then add that TRADELINE to a credit history in order to dupe a bank into giving them a loan.

40. Defendants' misrepresentations to consumers as to the legality of their service is unfair, the harm caused by such conduct outweighs any benefit to Defendants, the State of California or its residents. California Business and Professions Code § 17200.

41. Conduct of Defendants is fraudulent as members of the public are deceived into believing that the service they sell is legitimate.

42. Defendants' misrepresentations to consumers as to the legality of their service is false and thus, constitutes unfair, deceptive, untrue and misleading advertising. California Business and Professions Code § 17500.

43. Defendants engage in unlawful business practices within the State of California, marketing and selling their services to California consumers in violation of California law.

44. As a consequence of the actions of defendants, Plaintiff is entitled to injunctive relief and restitution.

### FIRST CAUSE OF ACTION
### FRAUD
### ALL DEFENDANTS

45. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

**46.** Defendants knowkingly market the sale of TRADELINES which have been in existence for more than three years to people so that those very people can then misrepresent the truth of the TRADELINE to a credit granter for the purposes of obtaining loans, cash or property.

**47.** Defendants represent to the public that the purchase of TRADELINES for the purpose of gaining credit for the purpose of defrauding credit granters is legal.

**48.** Defendants don't inform clients of the illegal nature of their proposed use of TRADELINES.

### SECOND CAUSE OF ACTION
### CONSPIRACY TO COMMIT FRAUD
### ALL DEFENDANTS

**49.** Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

50. Defendants establish phony TRADELINES by working in concert with other parties that represent to credit granters that the TRADELINES are legitimate.

51. Said outside parties are fully aware that the TRADELINE will be used for the purposes of obtaining credit.

52. Defendants direct their customers to lie to credit granters about the true nature of the TRADELINES in order to defraud credit granters.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESIONS CODE §§ 17200
## ALL DEFENDANTS

53. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

54. All defendants engage in their illegal activity to the harm and detriment of plaintiff.

55. All defendants engage in their illegal activity to the harm of the general public.

56. All defendants engage in their illegal activity to the harm of the state.

## FOURTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESIONS CODE §§ 17500
## ALL DEFENDANTS

57. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

58. All defendants engage in their false advertising to the harm and detriment of plaintiff.

59. All defendants engage false advertising to the harm of the general public.

60. All defendants engage in their illegal activity to the harm of the state.

## FIFTH CAUSE OF ACTION
## VIOLATION OF LANHAM ACT
## 15 U.S.C. §1125(a)
## ALL DEFENDANTS

61. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and

incorporates the same herein by this reference as though set forth in full.

62. All defendants advertise their services of selling TRADELINES as being totally legal when in fact all defendants know they are engaging in the defrauding of a credit granter.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1. Enjoin defendants from false and misleading representations regarding their services;
2. For actual monetary damages according to proof;
3. Award John Brosnan statutory and compensatory damages of greater than $100,000.00, pursuant to 15 U.S.C. §1117;
4. Order the disgorgement of all of Defendants' profits related to Defendants' misconduct pursuant to 15 U.S.C. §1117(a)(1), estimated to be greater than $100,000.00;
5. Award increased and treble damages for willful conduct pursuant to 15 U.S.C. §1117(a)(3);
6. Enjoin Defendants' from false and misleading representations regarding their products pursuant to California Business and Professions Code §17200;
7. Award John Brosnan restitution in an amount not less than $100,000.00 pursuant to California Business and Professions Code §17200;
8. For Punitive Damages against each defenant in the amount of $100,000,000.00;
9. For an award of reasonable attorneys' fees and costs according to proof;
10. For an Injuction to Stop the illegal activities of defendants;
11. For costs of suit; and
12. For such other and further relief as this Court deems just and proper.

Plaintiff, John Brosnan hereby DEMANDS A JURY TRIAL.

DATED: August 13, 2008         /s/
                               John Brosnan

COMPLAINT