**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,                                    No. C-08-0694 JCS

          Plaintiff,                       **ORDER GRANTING MOTION TO**
    v.                                           **DISMISS WITHOUT PREJUDICE**

TRADELINE SOLUTIONS, INC., ET AL.,               **[Docket No. 65]**

          Defendants.
_____/

**I.      INTRODUCTION**

      Plaintiff John Brosnan ("Plaintiff") filed this action on January 30, 2008, alleging that

Defendants engaged in unfair business practices in connection with the sale of "tradelines."  Plaintiff

filed an amended complaint on August 15, 2008, asserting a claim under the Lanham Act, 15 U.S.C.

§ 1125(a), as well as claims under state law.  The parties have consented to the jurisdiction of the

undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

      On September 12, 2008, Defendants filed a Motion to Dismiss and a Motion to Strike.  In the

Motion to Dismiss, Defendants asserted that all of Plaintiff's claims in the First Amended Complaint

are defective and should be dismissed.  In the Motion to Strike, Defendants asked the Court to strike

Plaintiff's request for $100,000,000.00 in punitive damages and for attorney's fees.  Plaintiff filed no

opposition to either motion.  The Court granted the Motion to Dismiss and the Motion to Strike and

dismissed Plaintiff's Complaint with leave to amend to address the defects cited in Defendants'

Motions.

**United States District Court**

For the Northern District of California

On November 17, 2008, Plaintiff filed a Second Amended Complaint. On December 1, 2008, Defendants filed a Motion to Dismiss the Complaint and a Motion to Strike Portions of Plaintiff's Second Amended Complaint. Plaintiff again, filed no opposition to Defendants' motions. On February 13, 2009, the Court held a hearing, at which Plaintiff and counsel for Defendant appeared by telephone. On February 13, 2009, the Court dismissed Plaintiff's Second Amended Complaint with leave to amend, and denied Defendants' Motion to Strike.

On February 27, 2009, Plaintiff Brosnan filed a Third Amended Complaint. On March 19, 2009, Defendants filed a Motion to Dismiss the Third Amended Complaint ("Motion to Dismiss"). Plaintiff filed an opposition on May 13, 2009.

A hearing was held on May 22, 2009, at which Defendant Ted Stearns appeared through counsel by telephone and Plaintiff appeared in person *pro se*. For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss WITHOUT PREJUDICE. Plaintiff may amend his Complaint, for the last time, as set forth in greater detail below.

**II.     DISCUSSION**

    **A.      Motion to Dismiss**

        **1.      The Claims in the Third Amended Complaint**

Plaintiff has brought this action against Defendants Tradeline Solutions Inc, Quantum Holdings Inc, Tradelinesolutions.com, Ted Stearns, "April Richard aka Tamera Turkisher" and "Does 1-99."[1] According to the Complaint, Plaintiff "works with people who have low credit scores and assist[s] them in purchasing real estate." Third Amended Compl. at ¶11. Plaintiff works with credit reporting agencies and negotiates with lenders "through legitimate means" in an effort to clear his customers' credit histories of "erroneous data" so as to improve their credit scores. *Id.*

Defendants operate a competing business by selling what are known as "tradelines." *Id.* at ¶ 12. The typical "tradeline" sold by Defendants consists of "an aged assumable note that has a

---

[1]At the hearing, the Court granted the Plaintiff's motion to dismiss defendant Tamera Turkisher aka April Richards from this action.

payment history." *Id.*  Defendants "operate illegally by duping unsuspecting victims into believing that it's legal to purchase a seasoned tradeline and its' [sic] associated history and then represent to a credit granter, [sic] such as a bank, that the history of good payment history is theirs." *Id.* at ¶ 13. Plaintiff alleges that Defendants instruct their customers not to inform credit grantors that the tradelines were recently purchased for the purpose of increasing their credit scores. *Id.* at ¶ 14. Plaintiff further alleges that Defendants instruct their customers to lie to credit grantors by telling them that the "TRADELINE is theirs and always has been." *Id.* at ¶ 20.

There are four claims in the Third Amended Complaint, all of which involve Defendants' business of selling "tradelines."  The first claim alleges violations of the Lanham Act, 15 U.S.C. § 1125(a).  Claim two alleges fraud.  In the third and fourth claims, Plaintiff alleges violations of the California Business and Professions Code, §§ 17200 and 17500, respectively.  Finally, Plaintiff seeks injunctive relief, damages "greater than $100,000.00", and an "award increased and treble damages for willful conduct pursuant to 15 U.S.C. § 1117(a)(3)" (Compl. at p.12), restitution, attorneys' fees and costs.

## 2. Motion to Dismiss Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P 12(b)(6).  A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*(Left margin, rotated)* United States District Court — For the Northern District of California

**United States District Court**

For the Northern District of California

1   *Id.* at 1964-65.  For purposes of resolving the motion, courts accept all allegations of material fact as

2   true and construe the complaint in the light most favorable to the nonmoving party.  *Nat'l Wildlife*

3   *Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir.1995).

4   ### 3.   Federal Subject Matter Jurisdiction

5   "Subject matter jurisdiction is fundamental and cannot be waived."  *American Land Title*

6   *Association v. Great American Insurance Co.*, 2006 WL 1329782 (N.D. Cal., May 16, 2006), *citing*,

7   *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989).  If the court lacks jurisdiction, the court

8   must dismiss the suit.  *Id.*  A motion for lack of subject matter jurisdiction is properly raised in a

9   motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  A party bringing a challenge

10  under 12(b)(1) may do so either on the basis of the allegations contained on the face of the

11  complaint, "a facial challenge" or by presenting extrinsic evidence for the court to consider, "a

12  factual challenge."  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In ruling on the former

13  type of challenge, the court must accept all factual allegations as true.  *Id.*  In deciding the latter, the

14  court need not accept all allegations as true, and may weigh the evidence presented in order to

15  determine whether the court has jurisdiction to consider the case.  *Id.*

16  Plaintiff asserts jurisdiction in this case on the basis of both diversity of citizenship, and

17  federal question.  The party invoking diversity jurisdiction bears the burden of persuasion by

18  evidence that establishes diversity.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178,

19  186-189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("If his allegations of jurisdictional facts are

20  challenged by his adversary in any appropriate manner, he must support them by competent proof.

21  And where they are not so challenged the court may still insist that the jurisdictional facts be

22  established or the case be dismissed, and for that purpose the court may demand that the party

23  alleging jurisdiction justify his allegations by a preponderance of evidence."); *see also Lew v. Moss*,

24  797 F.2d 747, 749 (9th Cir.1986) ("Our cases have established several principles to guide this

25  inquiry.  First, the party asserting diversity jurisdiction bears the burden of proof.")

26

27

28                                      4

**United States District Court**
For the Northern District of California

1   Defendants make numerous arguments in support of their motion to dismiss.  As a threshold

2   matter, they argue, again, that Plaintiff has not alleged proper "diversity jurisdiction" under 28

3   U.S.C. § 1332.  They argue that despite Plaintiff's Nevada address listed on the Complaint, Plaintiff

4   is in fact a resident of California.  Def.'s Mot. at 9.  The Court rejected this same argument in

5   Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint because Defendants'

6   arguments were directed at the allegations of the complaint.  The Defendants' challenge to federal

7   jurisdiction was a "facial challenge."  The Court ruled that it must accept Plaintiff's allegations in

8   the Complaint as true.  In the latest version of the complaint, Plaintiff has again alleged that he is a

9   Nevada resident and Defendants are California residents.  Third Amended Compl. at ¶ ¶ 4-9.  There

10  is a dispute, however, regarding whether Plaintiff is in fact domiciled in California, which is now

11  supported by Defendants' proffer of extrinsic evidence.

12   The Court declines to address this dispute on the ground that an independent basis for federal

13  jurisdiction exists in this case – Plaintiff's federal claim arising under the Lanham Act.  As with the

14  Second Amended Complaint, the Third Amended Complaint includes a federal claim, which

15  provides subject matter jurisdiction under 28 U.S.C. § 1331.  Accordingly, if the federal claim may

16  proceed, then the Court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. §

17  1367 over the related state law claims.  *See City of Chicago v. International College of Surgeons*,

18  522 U.S. 165 (1997);  *Hillery v. Rushen*, 720 F.2d 1132, 1138 (9th Cir. 1983) ("Federal courts

19  exercising pendent jurisdiction over state law claims must apply state law as the state's highest court

20  would") (*citing Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

### 4.      Plaintiff's Lanham Act Claim Fails to Satisfy Pleading Requirements

Plaintiff's only federal claim alleges a violation of § 1125(a) of the Lanham Act, which provides in pertinent part[2]:

(1) Any person who, on or in connection with any goods ..., uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-

* * *

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

* * *

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Claims brought pursuant to this section of the Lanham Act are generally known as "false advertising" or "trade libel" claims. *Zenith Elec. Corp. v. Exzec Touchsystems, Inc.*, 182 F.3d 1340, 1347-48 (Fed.Cir. 1999).   In order to state a claim for false advertising under the Lanham Act, Plaintiff must allege that: (1) Defendants made a false or misleading statement of fact in commercial advertising or promotion about the their own or another's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that Defendant caused

_____

[2] As with the Second Amended Complaint, it is not entirely clear from the latest version of the complaint under which subsection of § 1125(a) Plaintiff is proceeding.  The Ninth Circuit has held that the different causes of action in the different subsections under the Lanham Act have different standing requirements. *Jack Russell Terrier Network of Northern Cal. v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005) (citations omitted).  For example, for standing pursuant to the "false advertising" prong of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a plaintiff must show: (1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is "competitive," or harmful to the plaintiff's ability to compete with the defendant. *Id.* (citations omitted). Whereas under the "false association" prong of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), a plaintiff can satisfy the standing requirement merely by alleging commercial injury based upon the deceptive use of a trademark or its equivalent. *Id.*  For the purposes of this motion, and based upon paragraph 43 of Plaintiff's Complaint, the Court construes the Lanham Act as a claim under § 1125(a)(1)(B) (the "false advertising" prong)

**United States District Court**

For the Northern District of California

1  the statement to enter interstate commerce; and (5) that the statement results in actual or probable

2  injury to Plaintiff.  *Id.* at 1348; *see also*, *Cook, Perkiss and Leihe, Inc. v. Northern California*

3  *Collection Service, Inc*. 911 F.2d 242, 244 (9ᵗʰ Cir. 1990).

4       Although a false advertising claim under the Lanham Act does not contain an element of

5  fraud, it may nonetheless be subject to the heightened pleading standard under Rule 9(b) if the

6  complaint "sounds in fraud."  "[T]he plaintiff may allege a unified course of fraudulent conduct and

7  rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to be

8  'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the

9  particularity requirement of 9(b)."  *Vess* v. *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9ᵗʰ Cir.

10  2003).  "It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud,

11  which must meet Rule 9(b)'s particularity requirement."  *Meridian Project Sys., Inc. v. Hardin*

12  *Constr. Co., LLC*, 404 F.Supp.2d 1214, 1219 (E.D. Cal. 2005); *see also*, *Neilson v. Union Bank of*

13  *Cal., N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) (same).

14       Thus, "the pleader must state the time, place and specific content of the false representations

15  as well as the identities of the parties to the misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well*

16  *Furniture Co.*, 806 F.2d 1393, 1401 (9ᵗʰ Cir. 1986).  General pleading of the legal conclusion of

17  fraud is insufficient.  Courts have explained this rule as requiring that claims of fraud include the

18  "'who, what, when where and how' of the alleged misconduct."  *Cooper v. Pickett*, 137 F.3d 616,

19  627 (9ᵗʰ Cir. 1997).  Fraud claims must be specific enough to give defendants notice of the particular

20  misconduct. . . so that they can defend against the charge."  *Vess, supra*, 317 F.3d at 1108.  Mere

21  conclusory allegations of fraud are insufficient.  *Moore v. Kayport Package Express, Inc*., 885 F.2d

22  531, 540 (9ᵗʰ Cir. 1989).

23       Lower courts have applied Rule 9(b)'s heightened pleading standard to claims for false

24  advertising brought under the Lanham Act.  *See e.g.*, *Collegenet, Inc. v. XAP Corp.,* 2004 WL

25  2303506, *4 (D.Or. Oct 12, 2004) (applying Rule 9(b) to a Lanham Act claim where plaintiff

26  alleged "knowing" and "intentional conduct"); *Max Daet-wyler Corp. v. Input Graphics, Inc.*, 608

27

28                                                            7

F.Supp. 1549, 1556 (E.D.Pa. 1985) (although Lanham Act claims are not categorically subject to the heightened pleading requirements of 9(b), "the policies which underly Rule 9(b)'s requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to the type of misrepresentation claims presented in plaintiff's Lanham Act claim."); *Pestube Systems, Inc. v. HomeTeam Pest Def., LLC*, 2006 U.S. Dist LEXIS 34337 at *14-15 (D. Ariz. May 24, 2006) (applying Rule 9(b) to Lanham Act claim where claim was "grounded" or "sounding" in fraud because of allegations of knowing misrepresentations.)

In the present case, Plaintiff alleges that Defendants "acted in concert to deceive customers. The concerted act of the defendants was a conspiracy perpetrated with the sole goal of deceiving people into believing that the services offered by defendants were legal. Defendant deceived people in order to defraud those people out of their money." Third Amended Compl. at ¶ 15. Plaintiff further alleges that Defendants' products ("Tradelines") "are absolute fabrications created for the sole purpose of duping a credit granter [sic] into believing that the CLIENT with the TRADELINE has had the TRADELINE for it's [sic] entire existence and has made timely payments on that TRADELINE." *Id.* at ¶ 32.

Plaintiff alleges that Defendants have violated 15 U.S.C. § 1125(a) by: (1) intentionally misrepresenting that their services are legal, when they are in fact, illegal; (2) deceiving multiple customers; (3) deceiving customers in order to convince customers to purchase their services; (4) placing their services in interstate commerce by selling services throughout the United States; and finally, (5) "providing an easy but illegal service" that deprives Plaintiff of customers. *Id.* at ¶ 44-48. Plaintiff further alleges that he was injured by the misrepresentations of Defendants because of Defendants had been truthful as to the illegal nature of their service, then Plaintiff's potential clients would not have used Defendants' services. *Id.* at ¶ 49. Plaintiff alleges that he has suffered injury "by the direct diversion of customers from Plaintiff to Defendants." *Id.* at ¶50.

Although Plaintiff recites the test for unfair competition and false advertising under the Lanham Act, he fails, again, to allege particular facts demonstrating which Defendants engaged in

**United States District Court**
For the Northern District of California

the fraudulent conduct that has caused him harm.  He does not specify who made the fraudulent or misleading statements.  With the exception of one press release from San Diego, dated December 7 2007, Plaintiff fails to allege *when* the allegedly misleading statements were made and to whom.[3] Other than the press release, he does not provide the statements or advertising claims that were made, sufficient for Defendants to respond.  He also fails to explain how the statements in the press release are false or misleading.

In opposition to Defendants' Motion, Plaintiff filed a declaration of one of the named Defendants, Tamara Turkisher, aka April Richards.  This declaration contains allegations regarding Defendant Stearns' business, and the circumstances of Ms. Turkisher's employment with Defendant Stearns.  The Court concludes that certain facts recited in Ms. Turkisher's declaration, had they been alleged in the Third Amended Complaint, would have provided the requisite specificity under the heightened Rule 9(b) pleading standard.  The Court therefore provides Plaintiff with one final opportunity to amend his Complaint to include these allegations.

In Plaintiff's Fourth Amended Complaint, Plaintiff may include the facts contained in Ms. Turkisher's declaration.  Specifically, Plaintiff may allege that Ms. Turkisher, acting on behalf of Defendant Stearns:  (1) advised clients of Tradeline Solutions "to not disclose to lenders that their credit score had been increased through the use of purchased Tradelines because then the lender would not make the loan;" (2) "advised customers to tell potential lenders that the Tradelines they'd purchased were always theirs and had always been theirs and if a lender asked why the Tradeline had only recently appeared I informed customers that they should inform the lender it was due to some error on the part of the Tradeline;" (3) ". . . specifically instructed customers to not disclose to

---

[3]The press  release states in pertinent part: "TradeLine Solutions today announced the launch of a sought-after yet controversial quick-fix for borrowers with poor credit.  For the first time in history, borrowers can purchase someone else's perfect credit and the account will reflect on their record in three to five days.  Referred to as Seasoned Primary Accounts, the technique commonly used by large corporations is now available on a grand scale through TradeLine Solutions to individual borrowers across the country."  Third Amended Complaint at ¶ 26.  Plaintiff alleges that Defendant Stearns made the statements contained in the press release.  *Id.*

United States District Court

For the Northern District of California

a credit grant[or] that the Tradeline was purchases in the recent past for the purpose of increasing the client's credit score otherwise their loan applications would be denied."  Turkisher Decl., ¶ 7.

Accordingly, the federal claim under the Lanham Act fails to state a claim and is hereby DISMISSED WITH LEAVE TO AMEND as stated above.

**5.      Plaintiff's State Law Claims**

**E.      <u>Plaintiff's State Law Claims</u>**

Plaintiff includes three state law claims in his Second Amended Complaint: fraud, and violations of California Unfair Business Practices Act §§ 17200 and 17500 *et seq.*  Plaintiff's second claim is for fraud.  As discussed above, when pleading claims of fraud, a plaintiff must satisfy the demands of Rule 9(b) of the Federal Rule of Civil Procedure, which states that, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9.  It is well established that Rule 9(b)'s requirement that allegations of fraud be pled with particularity applies to state-law causes of action in a federal court.  *Vess*, 317 F.3d at 1103 (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985).

In the present case, Plaintiff again provides little, if any, specificity regarding the allegations of the Complaint.   As stated in the Court's Order Granting Defendants' Motion to Dismiss the Second Amended Complaint, Plaintiff's final claims under California's Unfair Business Act for violations of Business and Professions Code § 17200 *et seq*., and § 17500 *et seq*., similarly fail to satisfy pleading requirements.  Because it is clear that the entire Complaint is based upon allegations of fraud, the claim must be pled with specificity.  *See e.g., Mintel Learning Technology, Inc. v. Beijing Kaidi Educ*., 2007 WL 228832 (N.D.Cal.) 2007) (dismissing § 17200 claim with leave to amend to allege requisite specificity regarding fraud allegations.)

For the reasons discussed with respect to the Lanham Act claim, Plaintiff's state law claims – fraud, unfair competition and false advertising – fail to state a claim upon which relief can be granted.  Each of the state law claims contains the same recitation of general factual allegations, and incorporates the previous allegations by reference, all of which are "grounded" in fraud.  There are

10

virtually no specifics regarding these misrepresentations.  Plaintiff may amend his Complaint – for the last time – with the additional facts from the Turkisher Declaration as explained in greater details above with respect to the Lanham Act claim.

**IV.    CONCLUSION**

    For the foregoing reasons, Defendants' motion to dismiss the Third Amended Complaint is GRANTED WITH LEAVE TO AMEND.  Plaintiff shall file his Fourth Amended Complaint within twenty (20) days of this Order.

IT IS SO ORDERED.

Dated: June 5, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

11